**FILED**
6/11/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

BI

\C

**RECEIVED**

'JUN 04 2026 )k3

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

JACKIE JOHNSON-SAMPLE,

Plaintiff,

v.

1:26-cv-06659
Judge Joan B. Gottschall
Magistrate Judge M. David Weisman
Random/Cat 2

JUDGE LEAH M. BENDIK; JUDGE JENNIFER BARRON;

DUPAGE COUNTY, ILLINOIS;

THE EIGHTEENTH JUDICIAL CIRCUIT COURT OF DUPAGE COUNTY;

FALLING WATER HOMEOWNERS ASSOCIATION;

KOVITZ SHIFRIN NESBIT, LLC;

ATTORNEY DOE 2, identity to be determined through discovery;

LEGAL SERVE, LLC;

RICHARD NATALE, Process Server;

MADISON SAMPLE JR.;

BAILIFF DOE 1, identity to be determined through discovery,

Defendants.

Case No.: _____

PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

AND PRELIMINARY INJUNCTION UNDER FEDERAL RULE OF CIVIL

PROCEDURE 65

1

NOW COMES Plaintiff Jackie Johnson-Sample, appearing pro se, and respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 65 for a temporary restraining order and preliminary injunction temporarily restraining Defendants, their agents, attorneys, representatives, process servers, bailiffs, and all persons acting in concert with them from enforcing any eviction, lockout, transfer of possession, Sheriff's sale, confirmation of sale, foreclosure enforcement action, or related enforcement action affecting 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527, including the state court foreclosure action, Case No. 2025FC000199, and the related eviction/possession action before Judge Leah M. Bendik, Case No. 2025EV003508, pending further order of this Court; ordering implementation of Plaintiff's Title II ADA accommodations before any further proceedings affecting Plaintiff's rights occur; appointing legal counsel or providing equivalent accommodation necessary to ensure equal, meaningful, and equitable access to court; and granting related relief as set forth herein. In support of this Emergency Motion, Plaintiff states as follows:

## I. INTRODUCTION AND BASIS FOR EMERGENCY RELIEF

1. This is an emergency motion filed by Plaintiff Jackie Johnson-Sample, a pro se litigant who has a disability, seeking emergency injunctive relief under Federal Rule of Civil Procedure 65 to prevent irreparable harm arising from the pending state court foreclosure action, Case No. 2025FC000199, Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, before the Honorable Robert G. Gibson, and the related eviction/possession action before Judge Leah M. Bendik, Case No. 2025EV003508, both concerning the marital residence at 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527, a property with an estimated market value of approximately $2,900,000 and equity exceeding $1,000,000.

2. Plaintiff does not assert claims against Judge Gibson in this Motion. Plaintiff reserves all rights to seek relief against any judicial officer for nonjudicial, administrative,

retaliatory, or unconstitutional conduct in connection with Case No. 2025FC000199 through appropriate proceedings.

3. This Court has authority to grant the requested relief. A federal court may enjoin parties before it — including state officials and private actors — from taking actions that would violate federally protected constitutional and statutory rights. 42 U.S.C. Section 1983 constitutes an expressly authorized Act of Congress within the meaning of the Anti-Injunction Act, 28 U.S.C. Section 2283, permitting federal courts to grant injunctive relief in connection with civil rights claims. Mitchum v. Foster, 407 U.S. 225, 242-43 (1972). Plaintiff requests narrow relief only to preserve the status quo and prevent irreparable federal constitutional and ADA injury while this Court reviews Plaintiff's federal claims. Plaintiff does not seek routine appellate review of the state foreclosure case and does not ask this Court to decide ordinary state foreclosure issues. Plaintiff does not ask this Court to directly order the state court. Plaintiff asks this Court to restrain Defendants and persons acting in concert with them from taking enforcement actions that would cause immediate and irreparable constitutional and statutory injury before Plaintiff's federal claims are heard.

4. Plaintiff moves on an emergency basis because: (a) she has been denied Title II ADA accommodations despite repeated documented written requests to the state court's ADA Coordinator; (b) the foreclosure arose, in whole or in part, from co-defendant Madison Sample Jr.'s alleged willful violation of court-ordered mortgage and financial obligations and alleged financial exploitation, coercion, fraud, and violations of court-ordered financial obligations committed against Plaintiff as a person with a disability; (c) any further enforcement action, sale, or confirmation of sale without first addressing these constitutional, statutory, ADA, and equitable concerns would cause irreversible harm to Plaintiff's property rights, possession, and equity; and (d) Plaintiff has been unable to obtain legal representation under

3

circumstances that raise serious concerns about obstruction of her access to legal counsel.

5. Plaintiff's primary allegations in this Motion concern Madison Sample Jr.'s alleged violation of court-ordered mortgage and financial obligations, alleged financial exploitation of a disabled person, coercion, fraud, and violations of court-ordered financial obligations committed against Plaintiff as a person with a disability, the denial of ADA accommodations in the state court proceedings, and the need to stay enforcement before any sale or confirmation occurs. Plaintiff does not waive, release, concede, or abandon any claims, defenses, objections, counterclaims, or rights she may have against Old National Bank, its agents, servicers, attorneys, or any other person or entity connected to the state court foreclosure action.

6. Under 735 ILCS 5/15-1508(b), the state court may refuse confirmation of a foreclosure sale where justice was otherwise not done. Justice was not otherwise done where the default and foreclosure arose directly from alleged financial exploitation, coercion, fraud, and violations of court-ordered financial obligations committed against Plaintiff as a person with a disability — including alleged financial exploitation under 720 ILCS 5/17-56, alleged intimidation under 720 ILCS 5/12-6, alleged theft by threat, deception, or unauthorized control under 720 ILCS 5/16-1, and alleged domestic violence, interference with personal liberty, willful deprivation, exploitation, and coercive-control-type conduct under the Illinois Domestic Violence Act, 750 ILCS 60/101 et seq., including 750 ILCS 60/103 — and not from any default or financial failure on Plaintiff's part.

## II. PARTIES AND RELEVANT BACKGROUND

7. Jackie Johnson-Sample is the Plaintiff in this federal action and a defendant in the state court foreclosure action, Case No. 2025FC000199. Plaintiff is a qualified

individual with a documented disability within the meaning of Title II of the Americans with Disabilities Act, 42 U.S.C. Section 12132.

8. The state court foreclosure action directly affects Plaintiff's property rights, equity interests exceeding $1,000,000 as supported by appraisal, financial rights, credit, potential liability, possession interests, and rights connected to the marital residence at 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527.

9. Madison Sample Jr. is also a defendant in the state court foreclosure action. His interests are materially adverse, or may become materially adverse, to Plaintiff's interests regarding mortgage payment obligations, default responsibility, debt allocation, property possession, loss mitigation, equity, sale terms, deficiency exposure, and allocation of financial responsibility.

10. Old National Bank is the plaintiff in the state court foreclosure action, Case No. 2025FC000199.

11. The divorce proceedings between Plaintiff and Madison Sample Jr., Case No. 2023 DN 00129, were dismissed in or around May 2025.

12. Plaintiff states that Madison Sample Jr. abandoned and vacated the marital residence at 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527 in or around September and October 2023 and has not resided there since that time.

13. Madison Sample Jr. was ordered in the divorce proceedings, Case No. 2023 DN 00129, to maintain mortgage payments, homeowners association assessments, utilities, and all financial obligations connected to the marital residence pursuant to 750 ILCS 5/501 and the April 11, 2023 Agreed Court Order. He was further prohibited by court order from closing financial accounts, cutting Plaintiff off financially, or otherwise impairing Plaintiff's access to marital funds and financial support.

14. Plaintiff alleges that Madison Sample Jr. willfully failed to comply with those court-ordered financial obligations, including his failure to maintain the mortgage, and that his willful noncompliance directly caused and contributed to the default and foreclosure pending in the state court.

15. Plaintiff does not ask this Court to adjudicate all issues from the dismissed divorce proceedings within this Motion. Plaintiff raises these facts because they are directly relevant to whether justice was otherwise done in the state court proceedings, whether any Sheriff's sale should be stayed while this federal action is pending, and whether Plaintiff has been afforded meaningful access to court.

16. On or about May 30, 2026, after seeking assistance for eviction and foreclosure matters, Plaintiff was contacted by an attorney. This attorney stated that "a sheriff's sale had taken place," that "the home was sold for $1.6 million," and that Plaintiff owed a balance of $16,000 to the bank. The attorney stated "You no longer own the home." Plaintiff then contacted the Clerk's Office of the Eighteenth Judicial Circuit and was informed by court staff that no Sheriff's sale was on record in Case No. 2025FC000199. Plaintiff does not independently confirm or stipulate that no Sheriff's sale has occurred or is scheduled. Plaintiff relies solely on the information provided by court staff and respectfully requests that this Court require clarification of the official status of any scheduled, pending, completed, or confirmed Sheriff's sale in Case No. 2025FC000199, including the disposition of any sale proceeds if a sale has occurred. Plaintiff has not been given ADA Accommodations to participate in the state court proceedings and is now asking this Court to order that ADA Accommodations be provided as required under Title II for equal and meaningful participation before any further proceedings affecting Plaintiff's rights occur.

## III. ADA TITLE II VIOLATIONS — DENIAL OF ACCOMMODATION AND DENIAL OF EQUAL ACCESS TO COURT

17. Title II of the Americans with Disabilities Act provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. Section 12132.

18. State court proceedings are public services and programs subject to Title II of the ADA. The Supreme Court of the United States has confirmed that Title II applies directly to equal access to state court proceedings. Tennessee v. Lane, 541 U.S. 509, 531 (2004).

19. Federal regulations implementing Title II require public entities to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability. 28 C.F.R. Section 35.130(b)(7). Federal regulations further require public entities to take appropriate steps to ensure that communications with persons with disabilities are as effective as communications with others. 28 C.F.R. Section 35.160.

20. Plaintiff is a qualified individual with a documented disability. Plaintiff's disability affects her communication, processing, organization, and executive functioning in ways that directly impair her ability to equally, meaningfully, and equitably participate in complex legal proceedings without appropriate accommodations.

21. Plaintiff has made repeated written requests to Ms. Swiss, the ADA Coordinator for the Eighteenth Judicial Circuit, and directly to the state court requesting reasonable accommodations to ensure her equal and meaningful participation in the state court proceedings. Plaintiff possesses email documentation and court filings of those repeated requests.

22. Despite those repeated documented written requests, the ADA Coordinator has failed to implement accommodations sufficient to ensure Plaintiff's equal and meaningful participation in the state court foreclosure proceeding.

23. Where a public entity has notice of the need for accommodation and fails to act, it may constitute deliberate indifference to the rights of the disabled person. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

24. Plaintiff further states that she has a pending federal lawsuit documenting an institutional pattern of ADA non-compliance and deliberate indifference by the same ADA Coordinator's office and related court officials, arising from the same institutional failures present in the state court proceedings.

25. The state court foreclosure proceeding is highly complex, involving disputed court-ordered financial obligations, financial exploitation of Plaintiff as a person with a disability, fraud, constitutional concerns, competing property interests, and equity exceeding $1,000,000. Plaintiff's disability barriers make it impossible for her to meaningfully participate in proceedings of this complexity without appropriate accommodations.

26. The denial of ADA accommodations in the state court proceedings constitutes a denial of equal access to court protected by Title II of the ADA, the Due Process Clause, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

27. Any order, judgment, ruling, enforcement action, or Sheriff's sale entered or conducted in the state court proceedings while Plaintiff was denied meaningful participation due to her disability and the state court's failure to implement appropriate accommodations may be subject to stay, review, vacatur, or refusal of confirmation under 735 ILCS 5/15-1508(b) on the grounds that justice was not otherwise done.


IV. DUE PROCESS — DENIAL OF MEANINGFUL OPPORTUNITY TO BE HEARD

28. The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits the deprivation of property without due process of law. U.S. Const. amend. XIV, Section 1.

29. Due process requires that before a person is deprived of a protected property interest, she must receive notice and a meaningful opportunity to be heard at a meaningful time and in a meaningful manner. Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

30. Plaintiff has a constitutionally protected property interest in her home at 9476 Falling Waters Drive East and in her equity exceeding $1,000,000.

31. Plaintiff alleges that she has been denied a meaningful opportunity to be heard in the state court proceedings because: (a) her ADA accommodations have been denied or not meaningfully implemented, preventing equal and meaningful participation; (b) she has been unable to obtain legal representation under circumstances that *Plaintiff believes, upon information and belief, involve obstruction of access to* counsel, including information that counsel representing judicial officers in pending legal actions allegedly communicated to other attorneys that they should "stand down," "not get involved," and "decline representation"; and (c) the alleged financial exploitation, coercive control, and fraud Plaintiff suffered deprived her of the resources necessary to retain counsel and protect her interests.

32. A court cannot satisfy the due process requirement of equal and meaningful opportunity to be heard by conducting proceedings in which a disabled party is unable to equally and meaningfully participate due to the court's failure to implement required ADA accommodations.

33. Any judgment, order, sale, or confirmation entered in the state court proceedings that denied Plaintiff a meaningful opportunity to be heard may be subject to challenge and review. Plaintiff preserves all rights to seek appropriate relief under 735 ILCS 5/2-1401 or any other applicable procedural mechanism on the grounds that

9

constitutional defects, denial of ADA accommodations, and denial of a meaningful opportunity to be heard affected the integrity of those proceedings.

## V. ALLEGED FINANCIAL EXPLOITATION, COERCION, FRAUD, AND THE COURT'S EQUITABLE AUTHORITY

34. Plaintiff alleges that the state court foreclosure did not arise from any default or financial failure on her part. The foreclosure arose directly from Madison Sample Jr.'s documented violation of court-ordered financial obligations, financial exploitation of Plaintiff as a person with a disability, coercion and fraud, and a documented pattern of non-enforcement by prior state courts that allowed those violations to continue unchecked. These allegations have been previously brought before courts with jurisdiction over related proceedings and were not meaningfully addressed. *The state court should not confirm a sale that is the direct product of* documented violations of court-ordered financial obligations, financial exploitation of Plaintiff as a person with a disability, coercion, and fraud.

35. Madison Sample Jr. was subject to the April 11, 2023 Agreed Court Order and applicable temporary-relief orders entered under 750 ILCS 5/501, which together prohibited him from dissipating marital assets, closing financial accounts, transferring funds, cutting Plaintiff off financially, or making unauthorized expenditures. Madison Sample Jr. violated every one of these obligations.

36. Plaintiff alleges the following specific conduct by Madison Sample Jr. against Plaintiff as a person with a disability, all of which have been brought before courts with jurisdiction and were not meaningfully enforced:

37. First, Madison Sample Jr. allegedly dissipated over $700,000 in marital assets in violation of the April 11, 2023 court order and applicable court-ordered financial obligations under 750 ILCS 5/501. Evidence of this dissipation, including Bank of America records reflecting these transactions, was submitted to the state court in

Case No. 2023 DN 00129. The state court was made aware of these violations and did not compel repayment, impose meaningful sanctions, or freeze assets. This conduct constitutes alleged financial exploitation of a person with a disability under 720 ILCS 5/17-56, which prohibits a person in a position of trust — including a spouse — from obtaining control over the property of a disabled person through deception, intimidation, or force.

38.     Second, Madison Sample Jr. allegedly concealed millions of dollars in cryptocurrency assets, business interests, salary, and other investments from the state court and from Plaintiff in violation of his disclosure obligations and the April 11, 2023 court order. In or around December 2023 and January 2024, Madison Sample Jr. allegedly caused a cryptocurrency account to be frozen without a court order being issued, depriving Plaintiff of access to marital funds she was legally entitled to access. The state court in Case No. 2023 DN 00129 was made aware of these assets through a November 2024 Rule to Show Cause Order finding Madison Sample Jr. in contempt of all financial orders while holding millions in digital assets. No meaningful enforcement followed. This conduct constitutes alleged financial exploitation of a person with a disability under 720 ILCS 5/17-56 and alleged theft by threat, deception, or unauthorized control under 720 ILCS 5/16-1.

39.     Third, Madison Sample Jr. and his legal counsel, in writing, conditioned the restoration of Plaintiff's health insurance, food, utilities, and medical care upon Plaintiff's compliance with non-negotiable demands. Around April 2026, Madison Sample Jr. using coercive control ordered transfer of cryptocurrency assets from Plaintiff's accounts to his address, although Madison was alleged to be involved in freezing the account; the listing and sale of the marital residence exclusively on his terms; the waiver of spousal support; the relinquishment of all legal claims; and an indemnification clause preventing Plaintiff from pursuing future legal action. These written communications were transmitted electronically and constitute a continuation of a pattern of financial exploitation, intimidation, and coercive

control that has persisted since 2023. This conduct constitutes alleged intimidation under 720 ILCS 5/12-6, alleged theft by threat, deception, or unauthorized control under 720 ILCS 5/16-1, alleged financial exploitation of a person with a disability under 720 ILCS 5/17-56, and alleged domestic violence, coercive control, interference with personal liberty, willful deprivation, and related abuse under the Illinois Domestic Violence Act, 750 ILCS 60/101 et seq., including 750 ILCS 60/103

40. Fourth, Madison Sample Jr. allegedly submitted fraudulent financial affidavits to the state court in Case No. 2023 DN 00129, materially understating his income by more than 75% and concealing marital assets. These fraudulent affidavits were submitted to and accepted by the state court. The submission of false financial affidavits to a court constitutes fraud on the court. Illinois courts recognize that section 2-1401 relief invokes equitable principles and may be available where enforcement of a judgment would be fundamentally unjust. Smith v. Airoom, Inc., 114 Ill. 2d 209 (1986). Plaintiff preserves all rights to seek relief under 735 ILCS 5/2-1401 and any applicable exception, tolling doctrine, or other procedural mechanism on the grounds that the foreclosure judgment arose from or was materially contributed to by fraud on the state court.

41. Fifth, despite these documented violations, four successive judicial assignments in Case No. 2023 DN 00129 — Judges Skarin, Orel, Cerne, and Alvarado — each had the April 11, 2023 court order and documented violations before them. Not one held Madison Sample Jr. in meaningful contempt. Not one compelled payment of the mortgage or related financial obligations. Not one froze assets despite dissipation exceeding $700,000 and concealment of millions in cryptocurrency and other investments. Not one reinstated the financial status quo as required by law and petitioned by Plaintiff through counsel and as a pro se litigant. As a direct result of what Plaintiff alleges was improper coordination and non-enforcement, Madison Sample Jr. faced no meaningful consequence for his violations, the

mortgage went unpaid, and the foreclosure now pending in the state court resulted directly from that failure. The state court should not confirm a sale arising from a default that prior courts had the power and the obligation to prevent.

42. A court sitting in equity should not confirm a foreclosure sale where the record reflects that the default arose, in whole or in part, from alleged financial exploitation, coercion, fraud, and violations of court-ordered financial obligations committed against the party whose home is being sold — including alleged financial exploitation of a disabled person, alleged intimidation, alleged theft by threat, deception, or unauthorized control, alleged coercive control, alleged submission of fraudulent financial affidavits to the court, and alleged deliberate violation of court-ordered financial obligations — all of which have been previously brought before courts with jurisdiction and were not meaningfully addressed. Plaintiff raises these equitable objections without waiving any claims, defenses, or objections against any party, servicer, attorney, agent, or entity connected to the state court foreclosure action.

43. For all of these reasons, confirmation of any Sheriff's sale in Case No. 2025FC000199 would be inequitable and premature, and justice was not otherwise done within the meaning of 735 ILCS 5/15-1508(b). Plaintiff preserves all rights under 735 ILCS 5/15-1508(b) and 735 ILCS 5/2-1401 to seek refusal of confirmation, vacatur, and related relief.

## VI. EQUITABLE BAR AND JUSTICE NOT OTHERWISE DONE — 735 ILCS 5/15-1508(b)

44. Under 735 ILCS 5/15-1508(b), the state court may refuse to confirm a Sheriff's sale where it finds that notice was not proper, the sale terms were unconscionable, the sale was conducted fraudulently, or justice was otherwise not done. Plaintiff raises these equitable objections without waiving any claims, defenses, or objections

13

against any party, servicer, attorney, agent, or entity connected to the state court foreclosure action.

45. Plaintiff asserts that foreclosure proceedings and confirmation of any foreclosure sale in Case No. 2025FC000199 would be inequitable and premature, and that justice was not otherwise done, for the following independent and cumulative reasons: the default arose from Madison Sample Jr.'s alleged willful violation of court-ordered mortgage and financial obligations and not from any default or financial failure on Plaintiff's part; Madison Sample Jr. abandoned the marital residence in or around September and October 2023 while cutting off Plaintiff's access to the financial resources needed to maintain the property; Plaintiff was denied ADA accommodations throughout the state court proceedings preventing meaningful participation in her own defense; the dismissal of the divorce proceedings in May 2025 eliminated Plaintiff's access to the judicial mechanisms that would have compelled Madison Sample Jr. to satisfy his court-ordered mortgage obligations; and the alleged financial exploitation, coercive control, fraud, and fraudulent conduct described in Section V of this Motion directly caused and contributed to the circumstances underlying the state court foreclosure.

46. Illinois courts apply the equitable principle that a party should not benefit from his own alleged wrongdoing. Plaintiff alleges that Madison Sample Jr. should not be permitted to benefit from a foreclosure that his own documented violation of court-ordered mortgage and financial obligations, financial exploitation of Plaintiff as a person with a disability, coercion, and fraud directly caused or materially contributed to.

## VII. SHERIFF'S SALE STATUS — REQUEST FOR CLARIFICATION

47. On or about May 30, 2026, Plaintiff contacted the Clerk's Office of the Eighteenth Judicial Circuit and was informed by court staff that no Sheriff's sale was on record

14

in Case No. 2025FC000199. Plaintiff does not independently confirm or stipulate that no Sheriff's sale has occurred or is scheduled. Plaintiff relies solely on the information provided by court staff and cannot independently verify the current status of any sale in the official court record.

48. Plaintiff respectfully requests that this Court require that the status of any scheduled, pending, completed, or confirmed Sheriff's sale in Case No. 2025FC000199 be clarified on the record, including: (a) whether a sale has been scheduled; (b) whether a sale has been conducted; (c) whether any sale has been confirmed; (d) the date of any sale if scheduled or conducted; (e) the purchaser, if any sale occurred; (f) the amount of any sale, if any sale occurred; and (g) the disposition of any sale proceeds if a sale has occurred.

## VIII. RULE 65 FACTORS — TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

49. Plaintiff seeks a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 restraining Defendants, their agents, attorneys, process servers, bailiffs, and all persons acting in concert with them from enforcing any eviction, lockout, transfer of possession, Sheriff's sale, confirmation of sale, or foreclosure enforcement action affecting 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527, pending further order of this Court.

50. Notice: Plaintiff has provided or will provide notice to Defendants through the Court's CM/ECF system, email where available, and/or other methods directed by the Court. To the extent immediate relief is required before Defendants can be heard, Plaintiff requests temporary emergency relief to preserve the status quo because enforcement, lockout, Sheriff's sale confirmation, or transfer of possession could occur before a hearing and cause irreparable harm that cannot be undone.

15

51. Likelihood of success on the merits: Plaintiff is likely to succeed on her ADA Title II claims because she has a documented disability, she made repeated documented written requests for accommodations, and the ADA Coordinator failed to act despite notice. Tennessee v. Lane, 541 U.S. 509 (2004), confirms that Title II applies directly to state court proceedings. Plaintiff is also likely to succeed on her due process claims because she was denied a meaningful opportunity to participate in proceedings affecting fundamental property rights while ADA accommodations were withheld. Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

52. Irreparable harm: Plaintiff faces immediate and irreparable harm. Enforcement of any eviction order, lockout, or Sheriff's sale confirmation before Plaintiff's federal claims are heard would result in permanent loss of her home, permanent loss of equity exceeding $1,000,000, and displacement from her primary residence. No subsequent ruling can restore possession or undo a completed sale. Monetary damages cannot fully remedy permanent displacement from one's home or the loss of a primary residence.

53. Balance of harms: The balance of harms weighs decisively in Plaintiff's favor. A temporary restraining order causes Defendants only a brief delay. Denial of a temporary restraining order permanently destroys Plaintiff's home, equity, and property rights before her federal claims are heard. Defendants have no legitimate interest in enforcing a sale or eviction order that arose from alleged financial exploitation of a disabled person, denial of ADA accommodations, and alleged fraud.

54. Public interest: The public interest strongly favors granting relief. The public has a compelling interest in the enforcement of Title II of the ADA, the protection of disabled persons from financial exploitation, the integrity of court proceedings, and the prevention of enforcement of orders entered while a disabled litigant was denied equal access to court. Allowing enforcement to proceed under these circumstances would undermine the ADA's core protections.

16

55. Bond and security: Plaintiff respectfully requests that the Court waive any bond requirement or set bond at $0 or a nominal amount because Plaintiff is proceeding pro se, has a disability, alleges domestic violence, coercive control, financial abuse, denial of access to marital funds, and seeks only to preserve the status quo. Plaintiff alleges that Madison Sample Jr. controls or has withheld access to funds necessary for Plaintiff to protect her home, possession, equity, and federal rights. Requiring Plaintiff to post a monetary bond would compound the financial abuse and access-to-court violations alleged herein. Fed. R. Civ. P. 65(c).

## IX. REQUEST FOR APPOINTMENT OF COUNSEL OR EQUIVALENT ADA ACCOMMODATION

56. Plaintiff has made diligent efforts to retain legal counsel to represent her interests in the state court foreclosure action and in related proceedings. Despite those efforts, Plaintiff has been unable to secure legal representation.

57. Plaintiff states, upon information and belief, that legal counsel representing judicial officers involved in related proceedings has communicated to attorneys that they should not take Plaintiff's case, stand down, and not get involved. Plaintiff has experienced a pattern in which attorneys who initially expressed interest in her case subsequently declined to proceed. Plaintiff preserves all rights to pursue these allegations through appropriate legal and disciplinary channels, including in her pending federal civil rights litigation.

58. Plaintiff is a disabled person whose disability barriers make it impossible for her to meaningfully participate in proceedings of this complexity without legal assistance or equivalent accommodation. These matters are beyond what an unrepresented disabled person can meaningfully address without legal assistance, structured accommodation, or equivalent support.

17

59. Title II of the ADA and its implementing regulations require public entities to make reasonable modifications to ensure meaningful access to court proceedings for persons with disabilities. 42 U.S.C. Section 12132; 28 C.F.R. Section 35.130(b)(7). Due process requires that a party have a meaningful opportunity to be heard before deprivation of a protected property interest. Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

60. Plaintiff respectfully requests that this Court appoint legal counsel to represent her interests, or in the alternative, provide equivalent accommodation sufficient to ensure Plaintiff's meaningful and equal participation. Equivalent accommodations may include, but are not limited to: a stay of enforcement pending implementation of accommodations; extended response deadlines; written explanations of required next steps; permission to present issues in writing; remote-access options if medically necessary; assistance from a court-approved support person; and any other accommodation necessary to ensure effective communication and meaningful participation. Plaintiff does not request any accommodation that would alter the substantive rights of the parties.

## X. PRESERVATION OF OBJECTIONS AND RIGHTS

61. Plaintiff preserves all objections concerning the denial of ADA Title II accommodations, the constitutional concerns affecting the state court proceedings, the equitable bar to confirmation of any Sheriff's sale, the financial exploitation, coercion, fraud, and violations of court-ordered financial obligations committed against Plaintiff as a person with a disability by Madison Sample Jr., the submission of fraudulent financial affidavits to the state court, Plaintiff's inability to obtain legal representation, and all other issues raised in this Motion.

62. Plaintiff further preserves all rights and objections in connection with her pending federal civil rights litigation and any other legal proceedings arising from the same pattern of conduct alleged herein.

63. Plaintiff further preserves all rights to seek relief under 735 ILCS 5/2-1401 and all other available procedural mechanisms on the grounds that the state court foreclosure judgment, sale, or confirmation may be subject to challenge based on fraud, financial exploitation of Plaintiff as a person with a disability, violations of court-ordered financial obligations, constitutional violations, and denial of ADA accommodations.

64. Plaintiff files this Motion in good faith to protect the integrity of the proceedings, preserve her constitutional and statutory rights, prevent irreversible harm to her property and equity, and ensure that this Court has a complete and accurate record of the circumstances surrounding the state court foreclosure action.

WHEREFORE, Plaintiff Jackie Johnson-Sample respectfully requests that this Honorable Court:

A. Enter a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 temporarily restraining Defendants, their agents, attorneys, representatives, process servers, bailiffs, and all persons acting in concert with them from enforcing any eviction, lockout, transfer of possession, Sheriff's sale, confirmation of sale, or foreclosure enforcement action affecting 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527, pending further order of this Court;

B. Require clarification on the record of the official status of any scheduled, pending, completed, or confirmed Sheriff's sale in Case No. 2025FC000199, including whether a sale has been scheduled, conducted, or confirmed, the date of any sale if conducted, the purchaser if any sale occurred, the sale amount, and the disposition of any sale proceeds;

C. To the extent a Sheriff's sale has been scheduled in Case No. 2025FC000199, temporarily restrain Defendants and all persons acting in concert with them from proceeding with or enforcing any such sale pending further order of this Court;

19

D. To the extent a Sheriff's sale has been conducted but not confirmed in Case No. 2025FC000199, temporarily restrain Defendants and all persons acting in concert with them from seeking or obtaining confirmation of any such sale on the grounds that justice was not otherwise done within the meaning of 735 ILCS 5/15-1508(b) and that the underlying foreclosure arose from alleged financial exploitation, coercion, fraud, and violations of court-ordered financial obligations and alleged fraud on the court;

E. To the extent a Sheriff's sale has been confirmed in Case No. 2025FC000199, temporarily restrain Defendants and all persons acting in concert with them from enforcing any sale or confirmation order and permit Plaintiff to seek appropriate post-judgment relief under 735 ILCS 5/2-1401 and any other applicable procedural mechanism;

F. Order that no further enforcement actions affecting Plaintiff's rights in Case No. 2025FC000199 occur pending further order of this Court, and until Plaintiff's Title II ADA accommodations have been fully implemented and Plaintiff has been afforded a meaningful and equal opportunity to participate in proceedings affecting her rights, consistent with 42 U.S.C. Section 12132, 28 C.F.R. Section 35.130(b) (7), and 28 C.F.R. Section 35.160;

G. Appoint legal counsel to represent Plaintiff in these proceedings, or in the alternative, provide equivalent accommodation sufficient to ensure Plaintiff's equal and meaningful participation, on the grounds that Plaintiff is a disabled person who has been unable to secure legal representation despite diligent efforts, this matter involves exceptional complexity affecting fundamental property rights and equity exceeding $1,000,000, and Plaintiff's disability barriers make meaningful self-representation impossible without assistance or accommodation;

H. Find that confirmation or enforcement of any Sheriff's sale in Case No. 2025FC000199 would be inequitable and premature where the foreclosure arose, in whole or in part, from Madison Sample Jr.'s alleged willful violation of court-

20

ordered mortgage and financial obligations, alleged financial exploitation of Plaintiff as a person with a disability under 720 ILCS 5/17-56, alleged intimidation under 720 ILCS 5/12-6, alleged theft by threat, deception, or unauthorized control under 720 ILCS 5/16-1, alleged domestic violence, interference with personal liberty, willful deprivation, exploitation, and coercive-control-type conduct under the Illinois Domestic Violence Act, 750 ILCS 60/101 et seq., including 750 ILCS 60/103, alleged submission of fraudulent financial affidavits to the state court, and conduct that directly prejudiced Plaintiff's rights in the marital residence, and that justice was not otherwise done within the meaning of 735 ILCS 5/15-1508(b);

I.  Order Madison Sample Jr. to provide a full accounting of all mortgage payments, homeowners association assessments, utility payments, property-related expenses, and other financial obligations he was court-ordered to maintain in connection with the marital residence at 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527, *including the dates, amounts, sources of payments made, payments withheld,* missed payments, and any funds or assets available to satisfy those obligations; and further, to the extent Madison Sample Jr. used, transferred, concealed, or controlled cryptocurrency assets or other marital funds that were available or should have been available to satisfy the court-ordered mortgage and property-related obligations, he be ordered to disclose the current location, value, transfer history, and disposition of those assets;

J.  Waive any bond or security requirement under Federal Rule of Civil Procedure 65(c), or set bond at $0 or a nominal amount, because Plaintiff is proceeding pro se, has a disability, alleges domestic violence, coercive control, financial abuse, denial of access to marital funds, and seeks only temporary relief to preserve the status quo and prevent irreparable harm to her home, possession, equity, and federal ADA and constitutional rights;

K.  Preserve all of Plaintiff's constitutional, ADA, equitable, statutory, fraud-based, property, and foreclosure-related objections in connection with the state court

foreclosure action and any related proceedings, including all rights under 735 ILCS 5/2-1401; and

L. Grant such other and further relief as this Court deems just, equitable, and proper.

Plaintiff possesses documentary evidence supporting the allegations set forth in this Motion, including but not limited to: email documentation of repeated written requests to the ADA Coordinator for the Eighteenth Judicial Circuit requesting reasonable accommodations; an appraisal supporting Plaintiff's equity interest exceeding $1,000,000 in the marital residence at 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527; the April 11, 2023 Agreed Court Order establishing Madison Sample Jr.'s court-ordered mortgage and financial obligations; written communications from Madison Sample Jr. dated April 2026 and written communications from Madison Sample Jr. and his legal counsel dated on or around November 2023, both documenting the alleged financial exploitation, coercion, and demands directed at Plaintiff as a person with a disability as described herein; and financial records reflecting the dissipation of marital assets and concealment of cryptocurrency and other assets in violation of the April 11, 2023 court order and applicable court-ordered financial obligations under 750 ILCS 5/501. Plaintiff will submit all supporting documents to this Court at the hearing on this Motion, or as otherwise directed by this Court. Plaintiff does not waive, release, or abandon any evidentiary rights, objections, or claims by not producing any document at this stage of the proceedings.

CERTIFICATE OF SERVICE

I certify that on ꓘune 2, , 2026, I served or attempted to serve a copy of the Emergency Motion, Declaration, Proposed Order, and supporting documents on all Defendants and/or counsel of record by the Court's CM/ECF system where available, email where available, personal service, or such other method permitted or directed by the Court.

Respectfully submitted,

DECLARATION OF JACKIE JOHNSON-SAMPLE
PURSUANT TO 28 U.S.C. § 1746

I, Jackie Johnson-Sample, declare under penalty of perjury that the facts stated in my Emergency Motion for Temporary Restraining Order and Preliminary Injunction, supporting affidavit, and attached exhibits are true and correct to the best of my knowledge, information, and belief.

I submit this Declaration in support of my request for emergency relief under Federal Rule of Civil Procedure 65.

Executed on this 2nd day of June , 2026.

Jackie Johnson-Sample
Plaintiff, Pro Se
9476 Falling Waters Drive East
Burr Ridge, Illinois 60527
(773) 719-0337
jackshousinganddevelopment@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

JACKIE JOHNSON-SAMPLE,

Plaintiff,

v.

JUDGE LEAH M. BENDIK; JUDGE JENNIFER BARRON;

DUPAGE COUNTY, ILLINOIS;

THE EIGHTEENTH JUDICIAL CIRCUIT COURT OF DUPAGE COUNTY;

FALLING WATER HOMEOWNERS ASSOCIATION;

KOVITZ SHIFRIN NESBIT, LLC;

ATTORNEY DOE 2, identity to be determined through discovery;

LEGAL SERVE, LLC;

RICHARD NATALE, Process Server;

MADISON SAMPLE JR.;

BAILIFF DOE 1, identity to be determined through discovery,

Defendants.

Case No.: _____

[PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER UNDER FEDERAL RULE OF CIVIL
PROCEDURE 65

THIS MATTER having come before the Court on Plaintiff Jackie Johnson-Sample's
Emergency Motion for Temporary Restraining Order and Preliminary Injunction Under
Federal Rule of Civil Procedure 65; the Court having reviewed the Motion and
supporting declaration; the Court having considered Plaintiff's allegations of immediate
and irreparable harm, including the pending state court foreclosure action, Case No.

2025FC000199, the alleged denial of ADA Title II accommodations, the disputed status of any Sheriff's sale, and the potential loss of Plaintiff's primary residence and equity exceeding $1,000,000; and good cause appearing;

The Court finds, for purposes of temporary emergency relief only, that Plaintiff has shown a sufficient likelihood of success, or at minimum serious questions going to the merits, on her independent federal claims under Title II of the ADA and related constitutional access-to-court protections.

The Court further finds that Plaintiff faces immediate and irreparable harm absent temporary relief, and that the balance of equities and public interest favor preserving the status quo while this Court reviews Plaintiff's independent federal ADA and constitutional claims.

This Order does not reverse, vacate, modify, or adjudicate the validity of any state-court order or foreclosure judgment. This Order is entered solely to preserve the status quo pending further proceedings on Plaintiff's independent federal claims.

IT IS HEREBY ORDERED that:

1. Defendants, their officers, agents, servants, employees, attorneys, representatives, process servers, bailiffs, and all persons acting in active concert or participation with them who receive actual notice of this Order, ARE TEMPORARILY RESTRAINED from:

   a. Enforcing any eviction order, writ of possession, lockout order, removal order, or transfer-of-possession order affecting the property located at 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527;

   b. Conducting, proceeding with, scheduling, advancing, seeking confirmation of, obtaining confirmation of, enforcing, or recording any Sheriff's sale in connection with Case No. 2025FC000199 affecting the property located at 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527;

c. Taking any foreclosure-enforcement action affecting possession, title, occupancy, use, or Plaintiff's legal or equitable interest in the property located at 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527; and

d. Transferring, conveying, encumbering, locking out, removing Plaintiff from, or otherwise impairing Plaintiff's legal or equitable interest in the property located at 9476 Falling Waters Drive East, Burr Ridge, Illinois 60527.

2. This Temporary Restraining Order shall remain in effect until _____, 2026, at _____ a.m./p.m., or for the period permitted under Federal Rule of Civil Procedure 65(b), unless extended by further order of this Court or by consent of the parties.

3. A hearing on Plaintiff's Motion for Preliminary Injunction shall be held on _____, 2026, at _____ a.m./p.m., or at such other date and time as this Court directs.

4. Pending further order of this Court, Defendants and persons acting in active concert or participation with them shall not take enforcement actions affecting Plaintiff's rights in Case No. 2025FC000199 until Plaintiff's Title II ADA accommodations have been fully implemented and Plaintiff has been afforded a meaningful and equal opportunity to participate in proceedings affecting her rights, consistent with 42 U.S.C. Section 12132, 28 C.F.R. Section 35.130(b)(7), and 28 C.F.R. Section 35.160.

5. The status of any scheduled, pending, completed, or confirmed Sheriff's sale in Case No. 2025FC000199 shall be clarified on the record, including whether a sale has been scheduled, conducted, or confirmed, the date of any sale if conducted, the identity of any purchaser, the sale amount, and the disposition of any sale proceeds.

6. The bond or security requirement under Federal Rule of Civil Procedure 65(c) is hereby WAIVED, or alternatively set at $0 or a nominal amount, because Plaintiff is a pro se litigant with a disability, alleges domestic violence, coercive control,

financial abuse, denial of access to marital funds, and seeks only temporary relief to preserve the status quo of living in her residence and prevent irreparable harm to her home, possession, equity, and federal ADA and constitutional rights. Plaintiff alleges that Madison Sample Jr. controls or has withheld access to funds necessary for Plaintiff to protect her rights, and requiring Plaintiff to post a monetary bond would further compound the financial abuse and access-to-court violations alleged in this case.

7. Plaintiff shall serve a copy of this Order on all Defendants by the most expedient means available, including through the Court's CM/ECF system where applicable, email where available, personal service, or any other method permitted or directed by the Court. Plaintiff shall file proof of service with the Court.

8. This Order binds only the parties, their officers, agents, servants, employees, attorneys, and other persons who are in active concert or participation with them and who receive actual notice of this Order by personal service or otherwise, consistent with Federal Rule of Civil Procedure 65(d)(2).

9. Nothing in this Order shall be construed as a final ruling on the merits of any claim, defense, objection, state foreclosure issue, property-title issue, sheriff's sale issue, eviction issue, or possession issue.

SO ORDERED this ___ day of _____, 2026.


United States District Judge
Northern District of Illinois

_____

27