FILED

JUL 06 2026 mm

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACKIE JOHNSON-SAMPLE,
Plaintiff,

v. Case No. 1:26-cv-06659

LEAH BENDIK, et al.,
Defendants.

EMERGENCY MOTION FOR HEARING IN THE AFTERNOON OF JULY 6, 2026, REGARDING STAY ON IMMINENT HOUSING LOSS SCHEDULED FOR JULY 7, 2026

NOW COMES Plaintiff Jackie Johnson-Sample, pro se, and respectfully requests an emergency hearing on Monday, July 6, 2026, in the afternoon, regarding the apparently missing or improperly docketed Complaint, docketing errors, omitted exhibits, disability-access barriers, and the imminent loss of Plaintiff's housing scheduled for July 7, 2026. In support, Plaintiff states as follows:

1. On June 4, 2026, Plaintiff filed a federal civil-rights Complaint under 42 U.S.C. §§ 1983, 1985, and 1986, with exhibits, a declaration, an emergency TRO/injunction motion, and a proposed order.
2. The purpose of the filing was to address constitutional rights violations under color of law and the unlawful and imminent loss of Plaintiff's housing, with enforcement scheduled for July 7, 2026.
3. The case was docketed as Johnson-Sample v. Bendik, et al., Case No. 1:26-cv-06659, and assigned to the Honorable Joan B. Gottschall, as stamped on Plaintiff's original copy.

4. Plaintiff later received a June 26, 2026 minute entry regarding this case from the Honorable John J. Tharp Jr., stating that Plaintiff's Complaint itself was never filed.
5. Instead of the Complaint being properly docketed as the operative pleading, Plaintiff's emergency motion appears to have been docketed as though it were the Complaint.
6. Duplicate entries were also created, including the same Federal Rule of Civil Procedure document at docket entries 1 and 7, and the same injunctive-relief cover sheet at docket entries 6 and 8.
7. Plaintiff's exhibits and other supporting documents were omitted entirely.
8. The Court's June 26, 2026 minute entry confirms that docket entries 1 and 13 are motions for preliminary injunctive relief, not the Complaint.
9. Under Federal Rule of Civil Procedure 3, a civil action is commenced by filing a *Complaint*.
10. Plaintiff's Complaint, stamped June 4, 2026, satisfies that requirement, but it was not entered on the docket until after Plaintiff made multiple trips and phone calls to the federal courthouse to follow up on why she had not received an emergency hearing.
11. Plaintiff also seeks emergency injunctive relief under Federal Rule of Civil Procedure 65 because immediate relief is necessary to preserve the status quo of housing and prevent imminent homelessness and irreparable harm before the July 7, 2026 housing-loss enforcement date.
12. These docketing circumstances have created and exacerbated disability-related barriers to meaningful access to this Court.
13. Plaintiff is a qualified individual with a disability who has previously requested accommodations to ensure equal and meaningful participation in these proceedings. Plaintiff sought emergency federal review because she faces imminent housing loss scheduled for July 7, 2026. Plaintiff is also proceeding pro se, without legal training, which further compounded the difficulty of navigating

these complex proceedings, the docketing circumstances described above, and obtaining timely emergency relief.

14. Plaintiff was required to navigate missing filings, duplicate entries, omitted exhibits, multiple courthouse trips, and repeated phone calls, all while attempting to understand why no emergency hearing had been set.
15. These circumstances have made it substantially more difficult for Plaintiff to understand, track, and pursue emergency relief before the July 7, 2026 housing-loss deadline.
16. These docketing circumstances have limited Plaintiff's equal and meaningful access to emergency judicial relief at the time such access is most urgent.
17. Plaintiff respectfully submits that these circumstances qualify as an emergency because the July 7, 2026 housing-loss enforcement date is imminent, and the missing Complaint and docketing errors have delayed emergency review of *Plaintiff's request for injunctive relief.*
18. Plaintiff further submits that the emergency is heightened because the docketing confusion, omitted filings, and lack of a timely emergency hearing have impaired Plaintiff's ability to obtain meaningful federal review before irreversible harm occurs.
19. Plaintiff does not seek delay for delay's sake. Plaintiff seeks clarification, correction of the docket, and an emergency hearing before the July 7, 2026 enforcement date.

WHEREFORE, Plaintiff Jackie Johnson-Sample respectfully requests that this Honorable Court:

A. Set this matter for an emergency hearing on Monday, July 6, 2026, in the afternoon;

B. Confirm that Plaintiff's June 4, 2026 stamped Complaint is recognized as the operative Complaint in Case No. 1:26-cv-06659;

C. Direct correction of the docket to reflect the Complaint, exhibits, declaration, emergency TRO/injunction motion, and proposed order filed on June 4, 2026;

D. Consider the disability-related access barriers created by the docketing circumstances described above and provide any necessary accommodation for Plaintiff to equally and meaningfully participate;

E. Hear Plaintiff's emergency TRO/injunction request before the July 7, 2026 housing-loss enforcement date;

F. Preserve the status quo pending emergency review;

G. Stay any housing-loss enforcement scheduled for July 7, 2026, pending emergency review; and

H. Grant any further relief this Court deems just and proper.

Respectfully submitted,

/s/ Jackie Johnson-Sample
Jackie Johnson-Sample
Plaintiff, Pro Se
9476 Falling Water Dr. E
Burr Ridge, Illinois 60527
Jackshousinganddevelopment@gmail.com


NOTICE/CERTIFICATE REGARDING EMERGENCY REQUEST FOR HEARING

I, Jackie Johnson-Sample, certify that on July 6, 2026, I provided emergency notice of this Notice of Emergency Motion and the accompanying Emergency Motion by

electronic mail to the parties, counsel, court personnel, and/or email addresses available to me at this time.

Because this matter involves an imminent July 7, 2026 housing-loss enforcement date, and because formal service of summons and complaint has not yet been completed, I am providing this emergency notice to avoid delay and to advise the Court of my good-faith efforts to provide notice under the emergency circumstances.

This emergency notice is provided without waiving any rights, objections, or jurisdictional arguments.

Emergency notice was sent by email to:

18th Circuit Court Administrator
Court.Administrator@18thjudicial.org

Judge Leah Bendik
Leah.Bendik@dupagecourts.gov

Judge Robert Gibson
Robert.Gibson@dupagecourts.gov

Julie A. Jacobson
JJacobson@ksnlaw.com

Falling Water HOA / Dennis Bruh
dmbrugh@oakanddaleproperties.com

Respectfully submitted,

/s/ Jackie Johnson-Sample
Jackie Johnson-Sample
Plaintiff, Pro Se

9476 Falling Water Dr. E

Burr Ridge, Illinois 60527

(773) 719-0337

Jackshousinganddevelopment@gmail.com

DECLARATION OF JACKIE JOHNSON-SAMPLE PURSUANT TO 28 U.S.C. § 1746

I, Jackie Johnson-Sample, declare under penalty of perjury that the statements set forth in this Emergency Motion are true and correct to the best of my knowledge, information, and belief.

Executed on July 6, 2026.

/s/ Jackie Johnson-Sample

Jackie Johnson-Sample